Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1315 | **DATE** | MAR 04 2011 |
| **CASE TITLE** | Benny Willis (#N-73578) v. Dr. Kul Sud, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $14.88 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Robinson Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel [#3] is granted. The Court appoints Brian A McAleenan, Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**        Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his rights at the Cook County Jail and Robinson Correctional Center by being deliberately indifferent to a serious medical need. More specifically, Plaintiff alleges that he has a skin condition, thought to be eczema that has been inadequately treated by Dr Sood at the Cook County Jail and Dr. Lofton and Robinson Correctional Center, resulting in pain, discomfort, and disfigurement.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $14.88. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff seems to state a § 1983 claim for deliberate indifference to a serious medical condition.. However, his complaint contains unrelated claims against different Defendants in violation of the holding in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

- Because of the nature of Plaintiff's allegations, the Court hereby appoints Brian A McAleenan, Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The Court notes that Mr. McAleenan is already representing Plaintiff in *Willis v. Sood*, (Case No. 08 C 2600) (N.D. Ill.) and the Court appreciates his willingness to represent Plaintiff in this matter, as well.

After investigation, appointed counsel should file an amended complaint within sixty days, keeping *George* and its relatedness concerns in mind, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.