IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENNY L. WILLIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. MARY LOFTIN, )<br>)<br>Defendants. ) | No. 11-CV-1315<br><br>Judge Joan H. Lefkow |

## OPINION AND ORDER

Plaintiff Benny L. Willis filed this civil action pursuant to 42 U.S.C. § 1983 against Dr. Kublir Sood and Dr. Mary Loftin alleging deliberate indifference to his serious medical condition in violation of the Eighth and Fourteenth Amendments of the United States Constitution. The claim against Dr. Sood was settled and he was voluntarily dismissed from the case. Before the court is Dr. Loftin's motion to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion [#15] is denied.

## BACKGROUND[1]

Willis, who was confined at the IDOC facility at Robinson, Illinois ("Robinson") from January 26, 2010 to April 19, 2011, suffers from eczema, a medical condition that causes discoloration and irritation of the skin.[2] (Compl. ¶ 1; Dkt. #6.) While incarcerated at Robinson, Willis was placed under the care of Dr. Loftin. (Compl. ¶ 1.) When he arrived at Robinson, he presented with an obvious case of eczema, which Dr. Loftin failed to adequately treat. (*Id.* at ¶

---

[1] The following facts are taken from the first amended complaint and are accepted as true for the purpose of resolving the pending motion.
[2] *See* WebMD Eczema Health Center, http://caw.webmd.com/skin-problems-and-treatments/eczema/understanding-eczema-basics (viewed Dec. 7, 2011) ("Typically, eczema causes skin to become itchy, red, and dry–even cracked and leathery. Eczema most frequently appears on the face and extremities, but it can show up in other areas, too.").

4.) Despite Willis's complaints and clear outward symptoms, Dr. Loftin failed to accurately diagnose or attempt to properly treat his condition. (*Id.* at ¶ 16.) At some point, Willis was examined by a dermatologist at an outside hospital who prescribed a skin medication. (*Id.* at ¶ 17.) The dermatologist told Willis that the medication was not triamcinolone,[3] a drug that had not improved Willis's eczema in the past. (*Id.*) Dr. Loftin, however, insisted the medication was triamcinolone. (*Id.*) While under Dr. Loftin's care, Willis's eczema progressively worsened and as a result, his upper body is now covered with dark, itchy spots such that he scratches them into sores.[4] (*Id.* at ¶ 19.) This scarring and disfigurement is due to Dr. Loftin's deliberate indifference to his medical condition, and has caused Willis great pain, suffering and mental anguish. (*Id.*)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the court takes as true all facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl*.

---

[3] Triamcinolone is a corticosteroid used for "relief of inflammatory and pruritic manifestations of corticosteroid-responsive dermatoses." Physician's Desk Reference, http://www.pdr.net/drugpages/concisemonograph.aspx?concise=1686 (viewed Dec. 7, 2011).
[4] In his pro se complaint, Willis stated, "Unfortunately, my entire body is covered with ugly dark spots that have irritated me to the extent that I have scratched them into scars. I can't sleep at night until I get exhausted and just collapse. I go to sleep scratching. I wake up scratching." (Dkt. #1, at 6.) He concludes, "I've been suffering and living in constant misery for the past three years. Please help me obtain the appropriate medical treatment I deserve as a human being." (*Id*. at 7.)

*Corp*. v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 742–43 (7th Cir. 2010). Rather, it is the facts that count.

## DISCUSSION

To recover § 1983 damages, the injured party "must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson* v. *Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry* v. *Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Government officials are personally responsible if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (citation and internal quotation omitted).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and the Supreme Court has interpreted this language "as imposing a duty upon the States, through the Fourteenth Amendment, 'to provide adequate medical care to incarcerated individuals.'" *Johnson* v. *Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006) (quoting *Boyce* v. *Moore*, 314 F.3d 884, 888–89 (7th Cir. 2002)); *see Estelle* v. *Gamble*, 429 U.S. 97, 103–105, 97 S. Ct. 285, 50 L. Ed. 2d 257 (1976). In *Estelle*, the Supreme Court concluded that "deliberate indifference to serious medical needs of prisoners" violates this duty. *Id.* at 104.

An Eighth Amendment claim of deliberate indifference contains both an objective and subjective component. *Greeno* v. *Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* (quoting *Farmer* v. *Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To satisfy the subjective component, a prisoner must demonstrate

that the prison official knew of and disregarded an excessive risk to inmate health, and thus acted with a "sufficiently culpable state of mind." *Id.* (quoting *Farmer*, 511 U.S. at 834.)

### I. Objectively Serious Medical Condition

The Seventh Circuit defines an objectively serious medical condition as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Zentmyer* v. *Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Gutierrez* v. *Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *accord Snyder*, 444 F.3d at 584–85. A medical condition need not be "life-threatening," but rather "need only constitute a denial of the minimal civilized measure of life's necessities" to be considered serious. *Snyder*, 444 F.3d at 585 (internal quotation marks and citations omitted). The Seventh Circuit has held that a skin condition may qualify as a serious medical condition. *See Gutierrez*, 111 F.3d at 1373–74 (holding that a painful, infected cyst on a prisoner's back constituted a serious medical condition). Other courts have found the same. *See, e.g.*, *Logan* v. *Clarke*, 119 F.3d 647, 649 (8th Cir. 1997) (holding that a painful fungal skin infection constituted a serious medical condition); *but see Smith* v. *Schwartz*, No. 10–721–GPM, 2011 WL 2115831, at *3 (S.D. Ill. May 26, 2011) (holding that skin discomfort and rash caused by allegedly unhygienic prison conditions did not constitute a serious medical condition).

Willis has pleaded facts sufficient to establish that his skin condition constituted an objectively serious medical condition under the standard established in *Zentmyer* and *Gutierrez*. Upon his arrival at Robinson, Willis claims that he presented with an "obvious" case of eczema, a "scarring skin condition" for which he had received medical treatment in the past. (Compl. ¶ 16.) During his stay at Robinson, Willis's condition progressively worsened and his upper body is now covered in dark, itchy spots that he scratches to sores. (*Id.* at ¶ 19.) Drawing all

reasonable inferences in Willis's favor as the court must, it is fair to assume that a lay person confronted with such "clear outward symptoms" of eczema would recognize the need for medical attention.

## II. Culpable State of Mind

In regard to the second element, the plaintiff must demonstrate that the defendant "acted with a sufficiently culpable state of mind." *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent." *Doughty*, 433 F.3d at 1013 (citing *Higgins* v. *Corr. Med. Serv. of Ill.*, 178 F.3d 508, 511 (7th Cir. 1999)).

For example, if a patient's symptoms plainly call for a particular medical treatment, a doctor's deliberate decision not to furnish such treatment can make out an Eighth Amendment claim. *See Steele* v. *Choi*, 82 F.3d 175, 179 (7th Cir. 1996). Similarly, an erroneous treatment decision made in the absence of professional judgment may also constitute deliberate indifference. *See Doughty*, 433 F.3d at 1013; *Collignon* v. *Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998); *Estate of Cole by Pardue* v. *Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996). Under Seventh Circuit law, however, "in the context of medical professionals, it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Doughty*, 433 F.2d at 1012–13 (citing *Dunigan ex rel. Nyman* v. *Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999)). Thus, "[m]ere dissatisfaction or

disagreement with a doctor's course of treatment is generally insufficient" to establish an Eighth Amendment claim. *Id.* at 1013 (citing *Snipes* v. *DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

  Willis alleges that he continues to suffer from a serious, chronic skin condition that persists because the treatment he received was wholly ineffective yet alternatives were not explored. One permissible inference from the complaint, which Dr. Loftin urges, is that Willis merely disagrees with the treatment he received. But construing the facts in a light most favorable to Willis, he alleges that his suffering persisted throughout his stay at Robinson. His complaint is not one of negligence or gross negligence but of deliberate indifference to his need for different treatment from that which had completely failed. In *Barrow* v. *Wahl,* No. 85 C 8166, 1986 WL 15109, at *1 (N.D. Ill. Dec. 18, 1986), a motion to dismiss was denied where the plaintiff alleged that he made repeated requests for medical care and, when he was finally allowed to see a doctor, he was examined for less than one minute. Similarly here, Willis has alleged sufficient facts to show that inadequate treatment over an extended period of time could amount to deliberate indifference to his serious medical need. *Id.*

  Although it may well be that Willis will be unable to prove deliberate indifference, the court is not inclined to foreclose the contrary possibility. As a wise judge stated in an earlier era,

> We have previously noted the serious question as to whether the summary judgment procedure should ever be employed against an incarcerated party. *Bracey* v. *Herringa*, 466 F.2d 702, 703 (7th Cir. 1972). While it does provide a relatively prompt means of disposing of a class of lawsuits whose present proliferation in the federal courts has raised concern over problems of effective judicial administration, *Morales* v. *Schmidt*, 494 F.2d 85 (7th Cir. 1974) (*en banc*,) an overriding interest must be fairness to the parties, especially where important constitutional rights are asserted.

6

*LaBatt* v. *Twomey,* 513 F.2d 641, 650 (7th Cir. 1975) (Fairchild, J.).  The Prison Reform Litigation Act, enacted after *LaBatt* was decided, has strictly curtailed the number of lawsuits any prisoner may file over a lifetime.  In this case, unlike *LaBatt*, plaintiff has merely filed his complaint.  Summary judgment is not even on the horizon.  The interests of justice are better served by allowing Willis the opportunity to establish his claim.

## CONCLUSION

For the foregoing reasons, Dr. Loftin's motion to dismiss [#15] is denied.  Defendant is directed to answer the complaint.  A scheduling conference will be held on January 17, 2012, at 8:30 a.m.

Dated:  December 15, 2011     Enter:  _____
                              JOAN HUMPHREY LEFKOW
                              United States District Judge